IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. WILLIAM EVANS, <br><br>　　　　　Petitioner, <br><br>　vs. <br><br>YOLANDE JOHNSON, Warden, Pinckneyville Correctional Center, <br><br>　　　　　Respondent. | No. 07 C 1942 |

## MEMORANDUM OPINION AND ORDER

Petitioner William Evans, pro se, filed a petition for writ of habeas corpus seeking release from Pinckneyville Correctional Center (PCC), or, in the alternative, transfer to the Cook County Jail. Respondent Yolande Johnson, the warden at PCC moves to dismiss the petition because petitioner failed to exhaust his state remedies. We dismiss the petition, but on different grounds.

## BACKGROUND

On June 16, 2004, petitioner pled guilty in the Circuit Court of Cook County to manufacturing and delivering cocaine, and was sentenced to six years' imprisonment. He was released to mandatory supervised release on November 28, 2006. On February 26, 2007, petitioner was again arrested. The Illinois Department of Corrections (IDOC) issued a parole violation report on February 27, 2007. Petitioner alleges this report initiated a parole hold that prevented him from receiving bond for his most recent charges. He was then transferred to Stateville Correctional Center.

The IDOC delivered formal notice of the parole violation to petitioner on March 6,

2007. On March 15, 2007, the IDOC provided petitioner with a preliminary revocation hearing. Based on the new arrest report, the hearing officer determined that there was probable cause that petitioner had violated the conditions of his release. The IDOC returned petitioner to PCC pending a parole revocation hearing by the Prison Review Board. Those proceedings were continued until October 2007. The parties have not updated the court as to the status of the continued proceedings, but that is irrelevant to the issue we decide today.

## DISCUSSION

Petitioner argues that the IDOC violated the final consent decree it entered into in King v. Walker, No. 06 C 204 (N.D. Ill. Jan 26, 2007), by failing to provide him with a preliminary parole revocation hearing within ten business days of the issuance of his parole violation warrant, and by preventing him from obtaining bond on his current charges. He further contends that because the IDOC violated the King consent decree, he must be released or at a minimum should be incarcerated at the Cook County Jail as a pretrial detainee, rather than at PCC. The violation of a federal consent decree, by itself, is not a cognizable claim for habeas relief. Under § 2254, petitioner must demonstrate that the decision in question "is either 'contrary to' or 'an unreasonable application of' clearly established federal law as determined by the Supreme Court." See Hardaway v. Young, 302 F.3d 757, 761 (7th Cir. 2002) (citing Williams v. Taylor, 529 U.S. 362, 404-05 (2000)). Because petitioner is pro se, we liberally construe his petition to argue that when the IDOC denied him a preliminary revocation hearing within ten business days of the issuance of his parole violation warrant, it resulted in the same constitutional violations that the plaintiffs in King alleged, specifically that the IDOC violated the right to due process under the Fourteenth Amendment. With the issue framed in this manner, we turn now to the question of exhaustion.

Habeas corpus actions require a petitioner to fully exhaust all "the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1); *see also* Guest v. McCann, 474 F.3d 926, 929-30 (7th Cir. 2007) (citing O'Sullivan v. Boerckel, 526 U.S. 838, 842-46 (1999)). In this petition, petitioner frankly admits that this is the first court in which he has sought relief (*see* Amended Petition for Writ of Habeas Corpus at 2-4). Respondent argues that by doing so petitioner has failed to exhaust because he has state judicial remedies available to him in the form of a state habeas petition or a state petition for writ of mandamus. Respondent further contends that the petitioner also has state administrative remedies available. We examine each of these in turn.

The Illinois Supreme Court has held that habeas relief is not appropriate for individuals serving mandatory supervised release. *See* Barney v. Prisoner Review Bd., 704 N.E.2d 350, 351 (Ill. 1998). The court held that because a prisoner on mandatory supervised release is still in the custody of the IDOC until the expiration of the release period, any challenge to revocation proceedings would affect the manner of incarceration, but would not entitle him to actual release or discharge. *Id.* The court concluded that habeas relief was not available to challenge revocation proceedings. Thus, this avenue is closed to petitioner.

Nor is a petition for writ of mandamus in an Illinois court appropriate. Typically, mandamus is the proper form of relief to compel the IDOC to follow its own regulations regarding parole revocation. *See* U.S. ex rel. Johnson v. McGinnis, 734 F.2d 1193, 1199-1200 (7th Cir. 1984) (collecting Illinois state cases). But petitioner does not seek compliance in this case. Rather, he seeks release from custody precisely because the IDOC did not comply with its own regulations. Whether he is entitled to his requested relief is a separate question, but at this point in time, over a year after the parole warrant was executed, no writ of mandamus

can compel the IDOC to comply with the ten business-day rule. While we recognize that the principle of comity cautions that the courts of the state should have the first opportunity to correct the alleged errors (*id.* at 1200 (citing Engle v. Isaac, 456 U.S. 107, 129 (1982)), because of the specific relief requested we are not satisfied that a mandamus petition in state court would properly address petitioner's due process arguments. Petitioner seeks release or transfer. Either would be a discretionary form of relief in this circumstance and, thus, not the proper subject for mandamus relief. Daley v. Hett, 113 Ill. 2d 75, 80 (1986) (holding that mandamus is proper remedy to order performance of ministerial duties).

Finally, respondent argues that petitioner has failed to exhaust his state administrative remedies, and that such exhaustion will not occur until the final parole revocation hearing takes place. Again we disagree. As previously stated, petitioner argues that he was denied a timely preliminary parole revocation hearing and therefore his continued incarceration prior to the final parole revocation hearing is illegal. If he were to wait until after the final parole revocation hearing to bring his claim, it would be moot. Thus we find that under the circumstances there are no state remedies, judicial or administrative, for petitioner to exhaust, and we proceed to examine the merits of the petition.

Petitioner's parole violation report was executed on February 27, 2007, when a parole hold was placed on him.[1] The preliminary hearing was held on March 15, 2007, and the hearing officer determined that probable cause existed based on the arrest report. Morrissey v. Brewer holds that a determination of probable cause at a preliminary hearing justifies a parolee's continued detention and return to the state correctional institution pending the final

---

[1] Respondent argues that the parole violation warrant was executed when it was delivered to petitioner on March 6, 2007. For the purposes of our review we accept petitioner's contention that the warrant was executed when he was denied the opportunity to meet bail on February 27, 2007.

resolution. 408 U.S. 471, 487 (1972). The <u>Morrissey</u> court required that the preliminary hearing take place "as promptly as convenient after arrest." *Id.* at 485. But the court did not impose a strict time limit. *Id.* at 490 ("We have no thought to create an inflexible structure for parole revocation procedures."). Petitioner's preliminary hearing took place twelve business days after the violation report was executed. Under these circumstances, we cannot say that petitioner's preliminary hearing took place outside the bounds of what due process requires. Indeed, we note that in petitioner's case the record demonstrates that the IDOC actually complied with the <u>King</u> consent decree. Under the decree, preliminary revocation hearings normally must take place within ten business days of the service of the parole violation warrant. But paragraph III.4.c of the consent decree provides that "for the first 60 days following the entry" of the decree a "Parole Violator shall be entitled to a preliminary parole revocation hearing . . . within 20 business days of the service of a parole violation warrant." The <u>King</u> consent decree was entered on January 26, 2007. Accordingly, petitioner falls into this exception.

## CONCLUSION

For the reasons stated above, we dismiss the petition with prejudice. The petitioner also has filed numerous motions during the course of these proceedings. In light of our decision today, all of petitioner's outstanding motions are denied as moot.

*James B. Moran*
JAMES B. MORAN
Senior Judge, U. S. District Court

March 18, 2008.