

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES GOVERNMENT ex rel. WILLIAM EVANS, | ) ) ) | |
| Petitioner, | ) ) ) | |
| vs. | ) ) | No. 07 C 1942 |
| YOLANDE JOHNSON, Warden, Pinckneyville Correctional Center, | ) ) ) ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner William Evans moves the court to reconsider its earlier decision to dismiss his pro se petition for writ of habeas corpus. For the following reasons, we deny the motion.

## BACKGROUND

After he pleaded guilty to manufacturing and delivering cocaine, petitioner was sentenced to six years' imprisonment. He served a little over two years and was released to mandatory supervised release. Within three months after his release, he was again arrested. The Illinois Department of Corrections ("IDOC") issued a parole violation report and transferred petitioner from the Cook County Jail to the Stateville Correctional Center. The IDOC provided petitioner with a preliminary revocation hearing and, based on the new arrest report, the hearing officer determined that there was probable cause that petitioner violated the conditions of his release. The IDOC then transferred the petitioner to the Pinckneyville Correctional Center to await a parole revocation hearing by the Prison Review Board.

While the hearing was pending, petitioner filed a petition for writ of habeas corpus that sought his release from custody on bond or, at the very least, his return to the Cook County

Jail. He argued, among other things, that the IDOC violated the final consent decree it entered into in King v. Walker, No. 06 C 204 (N.D. Ill. Jan. 26, 2007), by failing to provide him with a preliminary parole revocation hearing within ten business days of the issuance of his parole violation warrant.

Because the violation of a federal consent decree, by itself, is not a cognizable claim for habeas relief, the court construed the petition as raising the same constitutional violations that the plaintiffs in King alleged, namely that the IDOC violated his right to due process under the Fourteenth Amendment to the United States Constitution. The court then held that, assuming that petitioner's calculation was correct and that his preliminary hearing took place twelve business days after execution of the warrant, such a delay was not outside the bounds of what due process requires. *See* Morrissey v. Brewer, 408 U.S. 471, 485, 490 (1972) (requiring preliminary hearing to take place "as promptly as convenient after arrest," but refusing to impose a strict time limit). The court also noted that petitioner's preliminary revocation hearing was, in fact, timely under the King consent decree because petitioner's parole violation warrant was executed within the first 60 days after the consent decree was entered. During this transition period the IDOC was permitted to provide preliminary parole hearings up to 20 business days after of the service of a parole violation warrant, rather than the standard ten.

## ANALYSIS

In his motion to reconsider, petitioner's main argument appears to be that prison authorities are preventing him from using the prison law library. This, he asserts, hinders him in preparing a defense to his parole revocation hearing and to his most recent criminal charges. A petition for a writ of habeas corpus is a mechanism by which an incarcerated

individual may challenge the length or legitimacy of the conviction resulting in his incarceration. Preiser v. Rodriguez, 411 U.S. 475, 490 (1973). Although petitioner may believe that access to the law library will lead to his inevitable release from custody, that is not a foregone conclusion. What petitioner is actually challenging in his access to the library allegation is the manner in which he is incarcerated. Such a challenge is more appropriately brought in a suit under 42 U.S.C. § 1983. See Allen v. Duckworth, 6 F.3d 458, 460 (7th Cir. 1993). In any event, it is not a sufficient ground for the court to order petitioner's release from custody or transfer to the Cook County Jail.

Petitioner also argues that the IDOC never gave him a copy of the entire King consent decree, and that he did not know about the initial transition period allowing a 20-day window in which to hold preliminary revocation hearings. He contends that because this information was unavailable to him, the IDOC should be estopped from invoking that provision now. His logic is that if the IDOC is held to the 10-day requirement, then his preliminary hearing was late and he should be released. But petitioner misreads the court's earlier opinion. Although we addressed the King consent decree's provision for a transition period, it played no role in our decision to dismiss his petition. As stated in our earlier opinion, habeas relief is only appropriate when the decision in question "is either 'contrary to' or 'an unreasonable application of' clearly established federal law as determined by the Supreme Court." See Hardaway v. Young, 302 F.3d 757, 761-62 (7th Cir. 2002) (citing Williams v. Taylor, 529 U.S. 362, 404-05 (2000)). Under the Supreme Court's precedent in Morrissey, we found that a delay of twelve days before a preliminary revocation hearing did not violate the requirements of due process.

Petitioner's final argument is not entirely clear. He seems to inform the court that the

Prison Review Board held his parole revocation hearing and determined that he had violated the conditions of his parole based on his most recent arrest. He claims that the Board's decision is erroneous because he has pleaded not guilty to the charges stemming from that arrest. Without a judicial determination of guilt, he contends that the Board cannot find that he violated his parole. But a conviction is unnecessary to support a parole revocation. *See* Lucas v. Williams, No. 94 C 5788, 1995 WL 758167, at *2 (N.D. Ill. Dec. 20, 1995) (citing Kartman v. Parratt, 535 F.2d 450, 458 (8th Cir. 1976) ("Probation can be revoked before or without a conviction. . . .Proof of misconduct does not depend upon the result of a criminal trial.")). Because the standards under which parole may be revoked differ from the standards under which criminal liability may be imposed, Morrissey, 408 U.S. at 480, this argument fails.

## CONCLUSION

For the foregoing reasons, petitioner's motion to reconsider the court's early decision dismissing his petition for a writ of habeas corpus is denied.

JAMES B. MORAN
Senior Judge, U. S. District Court

May 28, 2008.